## Case No. 12,134.

### RUMFORD CHEMICAL WORKS v. HECKER.

[2 Ban. & A. 386; [1] 11 O. G. 330.]

Circuit Court, D. New Jersey. Sept., 1876.

COURTS—COUNTY—PATENTS—PROFITS—DAMAGES—
INJUNCTION.

1. Where certain claims of a reissued patent had been declared void in a suit in another district, under the same patent, and the court in this suit declined to consider them, it is proper to enter a decree which will give to the defendants all the benefit of a direct adjudication that such claims are void, and which will also reveal the distinct ground on which the court refused to look into the question of the novelty of such claims, namely, that, in comity, it was not now an open one, between the parties in this court.

2. Where in a suit between the same parties, in another district, the court had ordered an account of the profits to be taken, the bill having been filed after the enactment of section 4921 of the Revised Statutes of the United States, which provides for the allowance of damages in addition to the profits in an equity suit: *Held*, that it would be proper for the master to take a separate account of the profits for the period of infringement before the passage of said act, and that the question of the construction of the statute would properly come up on exceptions to the master's report.

3. The ordinary practice as to the granting of an injunction, is, that it may, as a matter of course, follow a decree in favor of the complainant on the merits, unless the defendant is able to show to the court such facts and circumstances in the case as make it manifest that the equities between the parties demand the withholding of the injunction until after the account has been taken.

4. Courts have the power to withhold an injunction, and usually will do so in cases where by granting it there seems to be more danger of producing an irreparable injury to the defendant, than of preventing it on the part of the complainant.

5. Where one court had sustained the patent, but had not passed upon the construction to be given to a claim in it, having taken that question under advisement, and for that reason refused to grant an injunction until the coming in of the master's report: *Held*, that it was proper for this court, which had expressed an opinion as to the scope and meaning of the claim, to grant an injunction in conformity with the opinion before the accounting had been taken.

[Cited in Consolidated Roller-Mill Co. v. Coombs, 39 Fed. 806.]

[This was a bill in equity by the Rumford Chemical Works against George V. Hecker, for the infringement of letters patent No. 14,722, granted to E. N. Hosford, April 22, 1856, reissued June 9, 1868, No. 2,979.]

C. A. Seward, for complainant.
Keller & Blake, for defendant.

NIXON, District Judge. I have examined the two decrees respectively proposed by the counsel of the complainant and the counsel of the defendant, and the arguments by which they are sustained, and I am of the opinion, that the form submitted by the counsel of the complainant should be approved.

<hr/>

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

Without noticing a few verbal differences, it may be said, that the chief contention between the parties may be reduced to three points.

1. Whether this court should decree, affirmatively, that the first, second and third claims of the complainant's reissued patent are void, in the words of the decree in the suit pending in the circuit court of the United States for the Southern district of New York, or whether it should simply decree, that, as a matter of comity, it declines to adjudge the question of the novelty of these claims in view of the adjudication of the coordinate court?

Not holding the subject-matter to be res adjudicata, it seems to me that the form of the decree, in this regard, proposed by the complainant, is the proper one. In its practical effect on the accounting, it will give to the defendant all the benefit of a direct adjudication that these claims are void for want of novelty: and at the same time it will not mislead, as it reveals the distinct ground on which the court declined to look into the question: to wit that, in comity, it was not now an open one, between the parties in this court.

2. Whether under the circumstances of the proceedings here, and in the circuit court of the United States for the Southern district of New York, the decree should authorize the complainant to take a separate account for damages from June 9, 1868, to March 20, 1873 —the period of accounting for gains and profits ordered in the New York suit?

In delivering the opinion of the court, I took occasion to intimate, that I was inclined to believe that the fair construction of section 4921 of the Revised Statutes only allowed a decree for the damages arising from the special infringement alleged in the bill of complaint. But the question was one of first impression. The counsel of the parties, on the argument, did not seem to have directed their attention especially to the point on which it turned. The statute was new, and introduced extraordinary and anomalous methods in equity proceedings. Under these circumstances, I thought it was best for both parties, to allow the complainant to have a separate accounting, if, after the intimation of the court, it decided to risk the costs of failure to sustain its claim for damages, and to hear an argument on the question of construction on exceptions to the master's report. I assumed and still assume, that the accounting for gains and profits in the New York case, during this period of time, would make the labor comparatively light, as the materials needed for the two purposes are substantially the same. I find no reason, after considering the argument of the defendant's counsel, to change my opinion.

3. Whether the present is one of the class of cases where the court ought to withhold an injunction until after the accounting and the final decree? It is undoubtedly true, that

there are such cases, although I do not assent to the proposition of the learned counsel of the defendant, "that within a comparatively few years, it has become the established practice in the second and third circuits to stay injunctions upon the application of the defendant, until the coming in of the master's report." No such practice has ever prevailed in this circuit, although sporadic instances may be found where the court has very properly listened to and heeded such applications. On the other hand, the ordinary practice is for an injunction, as a matter of course, to follow a decree in favor of the complainant on the merits, unless the defendant is able to show the court, such facts and circumstances existing in the case, as make it manifest, that the equities between the parties demand the withholding of the injunction until after an accounting has been had. Courts have the power to withhold it, and usually will do so, in those cases where by granting the injunction, there seems to be more danger of producing an irreparable injury to the defendant, than of preventing it on the part of the complainant.

The injunction now proposed to be taken, is drawn in the precise words used in the decree of March 20, 1873, in favor of the complainant, against the defendant, in the circuit court of the United States for the Southern district of New York, as appears from the defendant's answer, filed in this suit.

But the defendant objects to it, in substance, because this court, in sustaining the validity of the fourth claim, has given to it a different and broader construction, than did Judge Blatchford in his opinion. I have not differed from that learned judge, in the sense of contradicting his judgment, and I can hardly imagine a case in which I should feel willing to do so. But in construing this claim, I have expressed an opinion in favor of its scope and meaning, in accordance with the view of the complainant, which view, as I understand it, had previously been submitted to Judge Blatchford, and upon which, holding the matter under advisement, he has refused to pass, until the coming in of the master's report.

While matters were in this condition there, the counsel for the complainant applied to the learned judge for an injunction to restrain the defendant from doing what the court had not yet determined he had no right to do, and he very properly refused to grant it. His refusal is now invoked by the counsel of the defendant as a reason why this court should refuse. But the circumstances are different. In the one case the judge was asked to grant an injunction in advance of his opinion, and in the other, in conformity with it.

The long delay of several months, which seemed unavoidable, in settling the decree, has given to the defendant ample opportunity of so arranging and adjusting his business, that he need not suffer special practical inconvenience from an injunction. If he has not availed himself of such opportunity, it is not the fault of the court or the complainant.

I find no circumstances, connected with the past relations of the defendant to the complainant's patent, and no facts in the case, which will justify me in taking it out of the ordinary course, or in refusing to the complainant the full benefit of a decree in its favor. The injunction must accompany the decree.

[For other cases involving this patent, see note to Rumford Chemical Works v. Lauer, Case No. 12,135.]